# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BREN GARRETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2578 |
| | § | |
| SOUTHERN NEWSPAPERS, INC., and | § | |
| J.D. DAVIDSON, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are: (1) plaintiff Bren Garrett's motion to remand (Dkt. 12); (2) defendant J.D. Davidson's partial motions to dismiss (Dkts. 6, 20); and (3) defendant Southern Newspapers, Inc.'s ("SNI") partial motions to dismiss (Dkts. 3, 18). After considering the motions, responses, replies, and applicable law, the court is of the opinion that Garrett's motion to remand (Dkt. 12) should be GRANTED; SNI's request for costs and attorney's fees under 28 U.S.C. § 1447(c) (Dkt. 16 at 14) should be DENIED; Davidson's request for oral argument (Dkt. 17 at 5) should be DENIED AS MOOT; and Defendants' partial motions to dismiss (Dkts. 3, 6, 18, 20) should be DENIED AS MOOT.

## I. BACKGROUND

Garrett filed suit against Davidson and SNI on June 29, 2018, in the 334th Judicial District Court of Harris County, Texas. Dkt. 12 at 1. Garrett brought several Texas common law tort claims, as well as a workplace discrimination claim under Title VII of the Civil Rights Act of 1964. Dkt. 1-2 at 8–9. SNI promptly removed the case to federal court under 28 U.S.C. §§ 1441 and 1331. Dkt. 1 at 2. In response, Garrett amended her complaint to replace her Title VII claim with a workplace discrimination claim under the Texas Commission on Human Rights Act (TCHRA). Dkt. 11 at 1.

Garrett attached a previously filed Equal Employment Opportunity ("EEOC") charge, which expressly alleges a Title VII violation, to her amended complaint. Dkt. 11–1. Garrett then filed the current motion to remand, arguing that a state court is the most appropriate forum because her case no longer contains a federal cause of action. Dkt. 12 at 1, 3.

Davidson and SNI oppose Garrett's motion on two grounds. First, Davidson and SNI contend that Garrett's amended complaint still raises a federal question and that remand is therefore inappropriate. Dkts. 16 at 3–5, 17 at 2–4. Second, Davidson and SNI argue that the applicable common law and statutory factors weigh against remand. Dkts. 16 at 6–13, 17 at 4. The court will consider each argument in turn.

## II. ANALYSIS

### A. Garrett's amended complaint does not include a federal question.

The preliminary issue is whether Garrett's amended complaint contains a federal question. First, SNI argues that Garrett's TCHRA claim is within the realm of state claims that are "recognized under state law [but] nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363 (2005). According to SNI, Garrett's TCHRA claim turns on a substantial question of federal law because the law governing TCHRA claims is "identical" to that which governs Title VII claims. Dkt. 16 at 3 *(*citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 402 n.2 (5th Cir. 1999)). However, it does not follow that every TCHRA claim entails a federal question, much less a question that is so substantial as to create federal question jurisdiction under *Grable*. *See Grable*, 545 U.S. at 313 ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal

forum."); *see also Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Moreover, if every TCHRA claim raised a substantial question of federal law, then every state employment discrimination case brought under the TCHRA could be properly removed to federal court. The TCHRA is still a state statute, and state precedent plays a central role even in TCHRA cases litigated in federal court. *See*, *e.g.*, *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012); *Vielma v. Eureka Co.*, 218 F.3d 458, 466 (5th Cir. 2000). Removal of all TCHRA claims is therefore undesirable and inappropriate. Finally, SNI itself expressly acknowledges that whether a claim is labeled as a TCHRA claim or a Title VII claim may be relevant for jurisdictional purposes, even if the claims are identical in practice. Dkt. 16 at 3–4. Garrett's TCHRA claim, standing alone, is therefore insufficient to bring the case within the court's federal question jurisdiction.

Second, Davidson argues that Garrett's complaint still contains a live Title VII claim because Garrett's previously filed Equal Employment Opportunity (EEOC) charge, which alleges a Title VII violation, is attached to the complaint as an exhibit. Dkt. 17 at 2–4. Davidson contends that the Fifth Circuit's holding in *Davoodi v. Austin Independent School District*, 755 F.3d 307 (5th Cir. 2014) mandates this result. In *Davoodi*, the plaintiff argued that the district court lacked subject matter jurisdiction over his case because no federal question existed in the body of his complaint. *Id.* at 309. However, the plaintiff had attached a previously filed EEOC charge to the complaint and stated that the charge was "fully incorporated" into the complaint's alleged facts. *Id.* at 308. The EEOC charge "alleged that Davoodi 'ha[d] been and continue[d] to be discriminated against, in violation of Title VII of the 1964 Civil Rights Act, as amended, [and] the Texas Commission on Human Rights Act, as amended, because of [his] national origin.'" *Id.* The Fifth Circuit held that the EEOC charge contained a live Title VII claim that allowed the district court to exercise federal question jurisdiction. *Id.* The court reasoned that "because Davoodi attached and fully incorporated

3

the Charge into his complaint, it became a part of his complaint for all purposes" under Federal Rule of Civil Procedure 10(c). *Id.* at 310.

The current case differs from *Davoodi* in one important respect: here, Garrett attached the EEOC charge to—but did not incorporate it into—her complaint. Garrett makes clear in both her amended complaint and her motion to dismiss that she is abandoning her Title VII claims. Dkts. 11 at 5, 12 at 2. Garrett references the EEOC charge only to show that she met the administrative exhaustion requirements for filing suit. Dkt. 11 at 5–6. The EEOC charge, therefore, is not "fully incorporated" into Garrett's amended complaint. *Cf. Davoodi*, 755 F.3d at 310. Moreover, other courts have similarly held that an EEOC charge does not create a Title VII claim when plaintiff references the charge solely to demonstrate administrative exhaustion. *See, e.g.*, *Pidgeon v. E. Baton Rouge Sheriff's Office*, No. 17–342–JJB–RLB, 2017 WL 3996436 (M.D. La. Aug. 21, 2017) (magistrate report and recommendation), *adopted by* No. 17–342–JJB–RLB, 2017 WL 3996403 (M.D. La. Sept. 11, 2017); *Williamson v. Pay & Save, Inc.*, 205 F. Supp. 3d 863 (W.D. Tex. 2015). Thus, Garrett's EEOC charge does not contain a live Title VII claim over which this court has continuing federal question jurisdiction.

**B. The applicable statutory and common-law factors weigh in favor of remand.**

The elimination of all federal claims, however, does not divest the court of supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367; *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish*, 373 F. App'x 438, 441 (5th Cir. 2010) ("The subsequent dismissal of all federal claims from [plantiff's] suit did not divest the district court of supplemental jurisdiction over the remaining state-law claims."). Rather, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567,

570 (2004). At the time of filing, Garrett's case included a Title VII claim which gave rise to federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 at 2. Accordingly, this court continues to have jurisdiction despite Garrett's elimination of her Title VII claim.

However, the general rule in this circuit is that courts should dismiss or remand state-law claims following the elimination of the federal claims they supplement. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158 (5th Cir. 2011); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Both statutory and common-law factors guide the court's remand inquiry. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The factors "are to be considered on a case-by-case basis, and no single factor is dispositive." *Id.*

Under 28 U.S.C. § 1367(c), a federal court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Here, § 1367(c)(1) may or may not apply; the parties vigorously dispute whether Garrett's claim entails a novel or complex question of state law. Dkts.12 at 7–8, 16 at 6–8, 19 at 2–3. Additionally, subsections (3) and (4) of § 1367(c) do not apply because the court did not dismiss Garrett's federal claims and no exceptional circumstances exist. Dkt. 12 at 8–9; *see Chameleon Distrib., LLC v. Virtuoso Selections, LLC*, No. 4:18-CV-1211, 2018 WL 3342703, at *2 (S.D. Tex. July 9, 2018) (Ellison, J.) (noting that § 1367(c)(3) addresses a district court's dismissal of federal claims, not voluntary dismissal by the plaintiff). However, § 1367(c)(2) does apply because Garrett's state law claims clearly predominate over the claim over which the court had original jurisdiction. *See Chameleon*, 2018 WL 3342703, at *2 (noting that when a plaintiff deletes all federal claims, "the

5

second statutory factor counts strongly in favor of declining supplemental jurisdiction because the state law claims clearly predominate."). Thus, this case falls squarely within the bounds of the court's discretion to decline supplemental jurisdiction under § 1367(c)(2), and the statute counsels remand.

Additionally, the court considers four common-law factors in its remand inquiry: judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988). Here, three of the four common-law factors weigh heavily in favor of remand. First, the judicial economy and convenience factors strongly favor remand, as this case is in its infancy. The case has been in the court for less than two months, discovery has not begun, and this court has made no rulings on any dispositive motions. Dkt. 1 (notice of removal filed July 25, 2018). Further, the parties would not suffer geographic hardship upon remand to the Harris County district court from which the case originated. *See Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 306 (5th Cir. 2007) (unpublished). SNI speculates that the case might be more quickly resolved in federal court due to state courts' lengthy trial dockets. Dkt. 16 at 13. However, such speculation does not outweigh clear guidance from the Supreme Court that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon*, 484 U.S. at 350; *see also Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . .").

The comity factor also favors remand. While the court is competent to interpret Texas law, the court also recognizes that principles of federalism require deference to Texas state courts to determine quintessential matters of Texas law. Here, only state law claims remain, and any issues

6

that arise are likely to be issues of purely state substantive law which are more appropriate for state-court resolution. *See Chameleon*, 2018 WL 3342703, at *3. Garrett's state tort causes of action are indisputably within the realm of state law. Although the TCHRA is linked to Title VII, the TCHRA is still a state statute, and federal courts considering TCHRA claims must rely on state law. *See supra* p. 2–3. The interests of comity thus require remand.

Of the four common-law factors, only the fairness factor could weigh against remand. SNI and Davidson argue that Garrett is engaged in unfair forum manipulation by eliminating her Title VII claims and requesting remand. Dkts. 16 at 11–13, 17 at 4. However, this court has recently recognized that such alleged forum manipulation, by itself, is not dispositive. *Chameleon*, 2018 WL 3342703, at *2 (Ellison, J.). The Fifth Circuit agrees. *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747 (5th Cir. 2014) (unpublished). In *Hicks*, the district court granted the plaintiff's motion to remand after the plaintiff amended her complaint to remove all federal causes of action. *Id.* at 747–48. The Fifth Circuit affirmed the district court's remand order, despite evidence that the plaintiff and her counsel had engaged in identical behavior in previous cases. *Id.* at 747; *see Hicks v. Austin Indep. Sch. Dist.*, No. A–12–CV–1053–LY, 2013 WL 489652, at *3 (report and recommendation of magistrate). The court reasoned that, despite the plaintiff's alleged forum manipulation, any alleged unfairness could not overcome the balance of factors that weighed in favor of remand. *Hicks*, 564 F. App'x at 749.

Here, as in *Hicks* and *Chameleon*, remand will best serve the interests of judicial economy, convenience, and comity. *See id.*; *Chameleon*, 2018 WL 3342703, at *3. Even assuming that Garrett is engaged in inappropriate forum shopping, such unfairness is not a "trump card which overrides all of the other factors we are instructed to consider and balance." *Enochs*, 641 F.3d at 160–61. Thus, on balance, the common-law factors weigh in favor of remand.

### C. The court declines to award costs and attorney's fees.

In the event of remand, SNI requests that the court award costs and attorney's fees generated by the case's removal and remand. Dkt. 16 at 14. SNI argues that the court has the authority to assess costs and fees pursuant to 28 U.S.C. § 1447(c) and the court's inherent power. *Id.* To the extent the court has the authority to assess such costs and fees, it declines to do so.

Section 1447(c) gives the court has discretion to award costs and fees in the event of a remand, but an award is not mandatory. *Am. Airlines, Inc. v. Sabre*, 694 F.3d 539, 541–42 (5th Cir. 2012). The text of the statute is ambiguous as to when fees may be awarded. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). However, courts have historically only considered awarding costs and fees under § 1447(c) to parties who opposed removal from state court and who ultimately prevailed on a motion to remand. *See, e.g.*, *id.*; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Fifth Circuit case law reflects this understanding of the statute; the primary inquiry in determining whether to award fees under § 1447(c) is whether the removing party lacked an objectively reasonable basis for removal. *Am. Airlines, Inc.*, 694 F.3d at 542; *see also Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (explaining that the focus of a § 1447(c) fee issue is the propriety of a party's decision to remove). Here, it is SNI that chose to remove the case to federal court. Dkt. 1 at 1. Thus, costs and fees would not be available to SNI, the removing party, under most courts' applications of § 1447(c). However, to the extent § 1447(c) applies, it merely confers discretion on the district court. The court therefore declines to award costs and fees under the statute.

Additionally, this court has inherent authority to assess attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501

8

U.S. 32, 45–46, 111 S. Ct. 2123 (1991) (internal quotations omitted). A court may award fees pursuant to its inherent authority "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* at 46 (internal quotations omitted). While it is true that Garrett could have avoided removal to federal court, her behavior is not so vexatious or oppressive so as to merit judicial punishment. *Cf. id.* at 57 (upholding an award of attorney's fees when the party engaged in a "sordid scheme of deliberate misuse of the judicial process designed to defeat [plaintiff's] claim by harassment, repeated and endless delay, mountainous expense and waste of financial resources." (internal quotations omitted)); *see Hicks*, 564 F. App'x at 748 (noting that the district court declined to assess attorney's fees notwithstanding the magistrate's finding that the plaintiff engaged in forum manipulation). Therefore, the court declines to grant SNI's request for costs and attorney's fees.

## IV. CONCLUSION

Accordingly, because statutory and common-law factors weigh in favor of remand, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. This action is REMANDED to the 334th Judicial District Court of Harris County, Texas. SNI's request for costs and attorney's fees (Dkt. 16 at 14) is DENIED. Defendants' request for oral argument (Dkt. 17 at 5) and pending motions to dismiss (Dkts. 3, 6, 18, 20) are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on September 12, 2018

_____
Gray H. Miller
United States District Judge